# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                   **Case No: 6:14-cv-1952-Orl-41KRS**

**ROBERT A. ANJAL,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)** |
| **FILED:** | **January 26, 2015** |

**I.    PROCEDURAL HISTORY.**

On November 24, 2014, the United States of America ("United States") filed a complaint against Defendant Robert A. Anjal seeking to recover principal and interest owed by Anjal due to his failure to make payments on student loans, along with attorney's fees and costs. Doc. No. 1.

Personal service of the summons and complaint was properly effectuated on November 26, 2014. *See* Doc. No. 3, at 3. Anjal subsequently failed to appear and respond to the complaint. Upon motion by the United States, the Clerk of Court entered a default against Anjal on December 30, 2014. *See* Doc. Nos. 6, 7.

On January 26, 2015, the United States filed the instant Motion for Entry of Default Judgment. Doc. No. 8. In support of its motion, the United States submitted the following, among other documents:

- Certificates of Indebtedness for the loans at issue (Doc. No. 9, at 4-5);[1]

- Declaration of Attorney's Fees from counsel for the United States requesting $980.00 in attorney's fees (*id.* at 6-7);

- Invoice for the service of process costs (*id.* at 8);

- Copy of the promissory notes at issue in the instant case (*id.* at 9-12); and,

- Declaration of counsel for the United States averring, among other things, that Anjal is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) and is not serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (Doc. No. 8, at 5-6).

The United States also seeks to recover $40.00 in costs pursuant to 28 U.S.C. § 1921. *Id.* at 3.

The United States served the motion on Anjal via U.S. Mail, but he has failed to respond and the time for doing so has passed. *See id.* at 4. The motion was referred to me for the issuance of a Report and Recommendation. Accordingly, the motion for default judgment is ripe for consideration.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine

---

[1] This is an updated version of the Certificate of Indebtedness attached to the complaint. *See* Doc. No. 1-2.

whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

### III. ALLEGATIONS OF THE COMPLAINT.

In this case, the United States seeks to recover on two separate loan claims corresponding to two separate causes of action, each of which is discussed separately, below.

*A. First Cause of Action: Claim Number 2014A53916.*

On or about September 16, 1997, Anjal executed a promissory note to secure a loan of $3,750.00, from National Education, Wilmington, DE ("National Education"). Doc. No. 1-2, at 1.

The loan was disbursed for $2,625.00 and $1,125.00 on November 18, 1997 through February 2, 1998 at a variable rate of interest to be established annually by the U.S. Department of Education ("Department"). The loan was guaranteed by the Educational Credit Management Corporation, and then reinsured by the Department under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.* *Id.*

The original holder of the loan (National Education) demanded payment according to the terms of the note. Anjal defaulted on the obligation on November 18, 2003, and National Education filed a claim on the loan guarantee. The guarantor (Educational Credit Management Corporation) attempted to collect the debt from Anjal, but was unable to collect the full amount due. Due to the default, the guarantor paid the claim in the amount of $2,737.18 to National Education. On October 27, 2010, the guarantor assigned its right and title to the loans to the Department. The Department then reimbursed the Educational Credit Management Corporation for that claim under the reinsurance agreement. *Id.* Since the assignment of the loans, the Department has credited to the balance a total of $0.00 in payments from all sources. *Id.*

The United States alleges that demand has been made upon Anjal, but that he has neglected and refused to pay the amount that he owes. Doc. No. 1 ¶ 4. Accordingly, as of May 27, 2014, Anjal owed $2,737.18 in principal and $1,247.21 in interest for a total debt of $3,984.39. Doc. No. 1-2, at 1. Interest on the principal continues to accrue at the rate of $0.24 per day until June 30, 2014, and thereafter at such a rate the Department established pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. *Id.*

  B. *Second Cause of Action: Claim Number 2014A54015.*

  On or about August 18, 1998, Anjal executed a promissory note to secure a loan of $4,974.00 from National Education. Doc. No. 1-2, at 2. The loan was disbursed for $3,500.00 and $1,474.00 on August 26, 1998 through November 17, 1998 at a variable rate of interest to be established annually by the Department. The loan was guaranteed by the Educational Credit Management Corporation, and then reinsured by the Department under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq. Id.*

  National Education, the original holder of the loan, demanded payment according to the terms of the note. Anjal defaulted on the obligation on November 18, 2003, and National Education filed a claim on the loan guarantee. Educational Credit Management Corporation attempted to collect the debt from Anjal, but was unable to collect the full amount due. Due to the default, the Educational Credit Management Corporation paid the claim in the amount of $3,548.42 to National Education. The Department then reimbursed the Educational Credit Management Corporation for that claim under the reinsurance agreement. *Id.* On October 27, 2010, the guarantor assigned its right and title to the loans to the Department. Since the assignment of the loans, the Department has credited to the balance a total of $0.00 in payments from all sources. *Id.*

  The United States alleges that demand has been made upon Anjal, but that he has neglected and refused to pay the amount that he owes. Doc. No. 1 ¶ 4. Accordingly, as of May 27, 2014, Anjal owed $3,548.42 in principal and $1,344.97 in interest for a total debt of $4,893.39. Doc. No. 1-2 at 2. Interest on the principal continued to accrue at the rate of $0.23 per day until June 30, 2014 and thereafter at such a rate the Department established pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. *Id.*

**IV.    ANALYSIS.**

    *A.    Liability.*

"To recover on a promissory note, the government must show [that] (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)) (unpublished decision cited as persuasive authority).

The United States does not allege in the body of the complaint that Anjal executed the promissory notes, that it is the present owner or holder of the notes, or that the notes are in default. However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

As discussed above, the United States attached to the complaint two verified Certificates of Indebtedness. *See* Doc. No. 1-2. In the Certificates of Indebtedness, the loan analyst avers that Anjal executed the promissory notes at issue in this case to secure loans from National Education, all rights and title to the loans have been assigned to the Department, and Anjal has defaulted on his obligation to repay the loans. *See id.* By failing to answer the complaint, Anjal is deemed to have admitted these factual allegations. Accordingly, I recommend that the Court find that these admissions are sufficient to establish that Anjal is liable for payment due under the note.

    *B.    Damages.*

In the applicable updated Certificate of Indebtedness submitted in support of the motion for default judgment, the Department's loan analyst avers that Anjal owes the United States the following sum with respect to the first loan obligation:

        Principal:                    $2,737.18
        Interest                      $1,301.93 (as of January 15, 2015)
        Total debt as of 01/15/15   $4,039.11

Doc. No. 9, at 4. The loan analyst further avers that Anjal owes the United States additional prejudgment interest at the current rate of 3.15% in the amount of $0.23 per day through June 30, 2015, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. *Id.* This evidence is sufficient to establish the amount of damages the United States is entitled to for unpaid principal for the first loan obligation.

Similarly, in the applicable updated Certificate of Indebtedness, the Department's loan analyst avers that Anjal owes the United States the following sum with respect to the second loan obligation:

| | |
|---|---|
| Principal: | $3,548.42 |
| Interest | $1,397.80 (as of January 15, 2015) |
| Total debt as of 01/15/15 | $4,946.22 |

Doc. No. 9, at 5. The loan analyst avers that Anjal owes the United States additional prejudgment interest in the amount of $0.23 per day through June 30, 2015, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. *Id.* This evidence is sufficient to establish the amount of damages the United States is entitled to for unpaid principal for the second loan obligation.

However, counsel for the United States has not adequately explained the method used to calculate prejudgment interest on the loans. Importantly, § 1077a provides that the applicable interest rates on the loans at issue fluctuate annually as follows:

> [T]he applicable rate of interest shall, during any 12-month period beginning on July 1 and ending on June 30, be determined on the preceding June 1 and be equal to – (A) the bond equivalent rate of the securities with a comparable maturity as established by the Secretary; plus (B) 1.0 percent, except that such rate shall not exceed 8.25 percent.

20 U.S.C. § 1077a(h)(1). The loans in this action date back to 1997 and 1998, and multiple 12-month periods have passed since the loans' inception. This means that multiple different interest

rates have likely applied in the intervening years. For example, for the 12-month period ending on June 30, 2014, the applicable interest rate for the first loan obligation is 3.15%. Doc. No. 1-2, at 1. For the 12-month period ending on June 30, 2015, the applicable interest rate for the first loan obligation is 3.13%. Doc. No. 9, at 4. Aside from vague and conclusory references to the current applicable rates, counsel for the United States provides no explanation for the interest calculations. Therefore, while the United States has provided evidence of the amount of interest that it is owed on the notes, I cannot confirm that its calculations regarding the amounts owed are correct.

Accordingly, I recommend that the Court find that the United States has provided sufficient evidence to establish that the United States is entitled to $2,737.18 for unpaid principal on the first obligation, and $3,548.42 for unpaid principal on the second obligation. I recommend that that the Court require the United States to provide a supplemental memorandum within the time permitted to object to this Report and Recommendation in which it sets forth exactly how it calculated the accrued interest that Defendant owes for each obligation. In the supplemental memorandum Plaintiff should show its work – year by year, and interest rate by interest rate – from the inception of the loans.

  C. *Costs.*

The United States also seeks to recover $40.00 in service of process costs. Doc. No. 8, at 3. The United States has submitted an invoice reflecting that it incurred a service of process fee in this amount. Doc. No. 9, at 8.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary. Fed. R. Civ. P. 54(d)(1). Service of process costs, like the costs in this case, are taxable costs. *See EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A]

district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3) (establishing that the U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served").

Accordingly, I recommend that the Court find that the United States is entitled to $40.00 in service of process costs.

  *D.*  *Attorney's Fees.*

    1.  <u>Whether the United States Is Entitled to Recover Attorney's Fees</u>.

The United States argues that it is entitled to recover attorney's fees from Anjal pursuant to the terms of the promissory notes, 20 U.S.C. § 1091a(b)(1) and its implementing regulations. Doc. No. 8, at 2-3.

The United States relies upon the following language which appears in each promissory note:

> I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees.

Doc. 9, at 9, 11. This language unambiguously entitles the United States to attorney's fees for the collection of the amounts due on the loans. Accordingly, I recommend that the Court find that the United States is entitled to recover attorney's fees in this case.

    2.  <u>Attorney's Fees – Lodestar Analysis</u>.

The United States seeks to recover $980.00 in attorney's fees. Doc. No. 8, at 2; Doc. No. 9, at 6-7. In support of its request for attorney's fees, the United States submitted a declaration in which Steven M. Davis, Esq., counsel for the United States, attests to the amount of time that he spent on the case and his usual and customary hourly rate of $200.00. Doc. No. 9, at 6-7.

Attorney Davis has been a member of the Florida Bar since 1991. *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven Mark Davis") (last visited Mar. 3, 2015). He seeks a rate of $200.00 per hour. I recommend that the Court find that this hourly rate is reasonable in the central Florida market for an attorney with 23 years of experience in a case of this type. *See, e.g.*, *United States v. Hollyfield*, No. 6:14-cv-10-Orl-41KRS, 2014 U.S. Dist. LEXIS 119548, at *5 (M.D. Fla. July 29, 2014), *adopted by* 2014 U.S. Dist. LEXIS 119552 (M.D. Fla. Aug. 27, 2014) (approving $200.00 hourly rate for Attorney Davis).

Attorney Davis also submitted a time sheet showing that he worked 4.9 hours on this case. Doc. No. 9, at 6-7. I recommend that the Court find that the hours worked are reasonable in the absence of objection.

Accordingly, the lodestar attorney's fee is $980.00.[2] I recommend that the Court find that this fee is reasonable in the absence of objection.

## V.   RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** the Motion for Entry of Default Judgment (Doc. No. 8);

2. **FIND** Robert A. Anjal liable to the United States of America in the amount of $6,285.60[3] plus accrued prejudgment interest through the date of entry of the judgment;

3. **AWARD** the United States attorney's fees in the amount of $980.00 and costs in the amount of $40.00;

4. **DIRECT** the United States to submit a proposed judgment with the prejudgment interest properly calculated as of a date provided by the Court following the Court's ruling on this Report and Recommendation; and,

---

[2] Calculated as follows: $200.00 per hour × 4.9 hours worked by Attorney Davis = $980.00.

[3] Calculated as follows: $2,737.18 for Claim Number 2014A53916 + $3,548.42 for Claim Number 2014A54015 = $6,285.60.

      5.    **DIRECT** the Clerk of Court to enter a final judgment in a form the Court finds appropriate and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy